PER CURIAM:
Denied. Applicant fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Applicant has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Hughes, J., would grant and assigns reasons.
Hughes, J., would grant and assigns reasons.
It is never a good idea for a trial judge to enter the jury room during deliberations, even with consent of counsel. The better practice is to bring the jury into the courtroom and put it on the record.